UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JOSHUA THRASH | CIVIL ACTION NO. 07-0699 |
| VS. | JUDGE DOHERTY |
| FORD MOTOR CO. | MAGISTRATE JUDGE METHVIN |

*RULING ON MOTION TO REMAND*
*(Rec. Doc. 6)*

Before the court is the motion to remand filed by plaintiff Joshua Thrash on May 17, 2007.[1] The motion is unopposed. For the following reasons, the motion is **DENIED.**

*Factual and Procedural Background*

Plaintiff Joshua Thrash filed this personal injury lawsuit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, on March 14, 2007. Plaintiff alleges that on March 15, 2006, he suffered injuries in a single-car collision due to the failure of the airbag to deploy in the 1997 Mercury Cougar he was driving. Plaintiff alleges that the Cougar was manufactured by defendant Ford Motor Company.

Although plaintiff did not specify the numerical value of his damages claim, plaintiff's complaint alleged that his "damages do not exceed the jurisdictional limit for trial by jury." In Louisiana state courts, a plaintiff must claim damages exceeding $50,000 in order to qualify for a jury trial.[2]

---

[1] Rec. Doc. 6.

[2] La. C. Civ. P. Art. 1732(1) states:

> A trial by jury shall not be available in:
>
> (1) A suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs.

2

Ford removed the case to this court on April 20, 2007, alleging that "subject matter exists pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of $75,000." Following Ford's removal of the case, plaintiff executed and forwarded to counsel for Ford a Stipulation in which plaintiff avers that "the value of the instant claims does not exceed the value of $75,000."

Plaintiff seeks remand on grounds that it, on the face of his complaint, the federal jurisdictional amount does not exist in this case.

### *Law and Analysis*

In determining whether the jurisdictional minimum is met, the plaintiff's claim for relief controls if the claim is made in good faith. See DeAguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995) ("DeAguilar II"), citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).  Louisiana plaintiffs are generally prohibited from specifying a monetary amount of damages in their state court petitions.  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999).  However, article 893 of the Louisiana Code of Civil Procedure was recently amended to provide in part:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, *the right to a jury trial*, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La.Code Civ. Proc. art. 893(A)(1) (emphasis added), cited in DNP Enterprises, L.L.C. v. American Marine Holdings, Inc., 2005 WL 1431705, *2 (E.D.La. 2005).

In addition to averring in his petition that his damages do not exceed $50,000, plaintiff executed a post-removal stipulation, wherein he attests that he is not seeking more than $75,000

in damages. It is well-settled that a stipulation by plaintiff to seek damages below the federal diversity amount *prior to removal* will prevent a defendant from removing a case to federal court. However, a stipulation submitted *subsequent* to removal does not affect jurisdiction when the amount in controversy at the time of removal is shown to satisfy the jurisdictional amount. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Reisman v. New Hampshire Fire Ins. Co., 312 F.2d 17, 19 (5th Cir.1963) ("The decisions under 28 U.S.C.A. § 1447 make it clear that once jurisdiction has attached, it cannot be subsequently divested."). The Fifth Circuit noted in Gebbia:

> [O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also* Allen, [v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir.1995)] at 1336 (holding that once removal jurisdiction attached, a subsequent amendment of the complaint reducing the amount in controversy to less than the required amount cannot divest jurisdiction).

Gebbia, 233 F.3d at 883. *See also* Angus v. Shiley, 989 F.2d 142, 145 (3rd Cir.1993); Allen v. R & H Oil & Gas Co, *supra*: "Once the district court found that it had jurisdiction, the jurisdiction is deemed to have vested in the court at the time of removal. An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction." 63 F.3d at 1336.

Furthermore, the undersigned is unable to find any case law authority supporting the proposition that a case may be remanded solely on the basis of an allegation in the plaintiff's state court complaint that the damages sought were "less than the jurisdictional amount necessary for a jury trial," as the plaintiff has done in this case. In DNP Enterprises, L.L.C. v. American Marine Holdings, Inc., 2005 WL 1431705, *2 (E.D.La. 2005), decided since the amendment to Article 893, the plaintiff alleged that its damages "[did] not exceed $75,000." The court

4

nevertheless undertook a preponderance-of-the-evidence analysis to determine whether the jurisdictional amount exceeded the $75,000 threshold.

Accordingly, the post-removal stipulation alone is insufficient for this court to remand the case, and additional information regarding damages is required.

When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount.  Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Here, Ford alleges that, following the filing of suit in state court, its counsel and counsel for plaintiff had a telephone conversation wherein plaintiff's counsel stated that plaintiff sustained a blow to the abdomen, laceration of the spleen, and a laceration of the kidney in addition to the subsequent loss of the plaintiff's kidney.  In that telephone conversation, plaintiff's counsel attributed the initial injuries to the accident in question, but attributed the subsequent loss of the kidney to alleged medical malpractice committed at DeQuincy Hospital, where plaintiff was treated immediately after the accident.

Ford contends that, even assuming that only some of plaintiff's injuries were caused by the accident, the jurisdictional amount is satisfied in this case, citing cases wherein plaintiffs with injuries similar to those sustained by the plaintiff were awarded more than $75,000 in general damages.  See, e.g., Rosen v. DOTD, 809 So. 2d 498 (La. App. 4th Cir. 2002)(plaintiff awarded $250,000 for lacerated liver, several broken ribs, and broken sternum); Burris v. Insured Lloyds,

5

417 So. 2d 511 (La. App. 3rd Cir. 1982) ($304.119.74 awarded for lacerated spleen, splenectomy, lacerated liver, collapsed lung, and leg fractures); Lee v. Missouri Pac R.R. Co., 540 So.2d 287 (La. 1989) ($225,500 awarded in general damages for fractured hip, 4 broken ribs, and a ruptured spleen); Gordon v. Levet, 688 So.2d 57, 65-66 (La. App. 5th Cir. 1997) ($300,000 awarded for blunt abdominal trauma, splenic rupture, splenectomy, ruptured liver, and fractured arm and ankle).

Considering the foregoing, the undersigned concludes that Ford has set forth specific facts in controversy that support a finding that the jurisdictional amount is established in this case, notwithstanding plaintiff's allegation in his complaint that his damages do not exceed $50,000. Therefore, remand is not appropriate in this case.

In light of the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **DENIED**.

Signed at Lafayette, Louisiana, on June 13, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)